**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 06-5075**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE ISAIAS LAZO-BONILLA,

Defendant - Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:06-cr-00518-HMH)

————————

Submitted:  April 6, 2007            Decided:  May 14, 2007

————————

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Stephanie A. Rainey, RAINEY & BROWN, LLC, Spartanburg, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Maxwell Cauthen, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Isaias Lazo-Bonilla appeals the forty-six month sentence the district court imposed after he pled guilty to illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). We affirm.

Lazo-Bonilla's offense conduct carried a base offense level eight. U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(a) (2005). Because he was previously deported after conviction for a felony drug trafficking offense with a sentence exceeding thirteen months, a sixteen-level enhancement was added. USSG § 2L1.2(b)(1)(A). Lazo-Bonilla was granted a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1, resulting in a total offense level of twenty-one. This, coupled with Lazo-Bonilla's criminal history category of III, yielded an advisory Guidelines range of forty-six to fifty-seven months. The district court sentenced Lazo-Bonilla to the lowest sentence in that range, forty-six months. He appeals, asserting that the district court erred in failing to depart downward from that sentence, although Lazo-Bonilla did not move for such a departure or object to any part of the presentence report or the sentence imposed.

In a post-Booker[*] sentencing, the district court must calculate the advisory Guideline range and then consider whether

---

[*]United States v. Booker, 543 U.S. 220 (2005).

that range "serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).

Lazo-Bonilla does not succeed in rebutting the presumption that the sentence, imposed at the low end of the applicable Guidelines range, is reasonable. Lazo-Bonilla did not move for a downward departure, and the district court did not err in failing to sua sponte depart downward. The court stated that it considered the § 3553(a) factors and the advisory Guidelines range and concluded that a Guidelines sentence was appropriate. The

court then imposed the lowest sentence in the properly-calculated range.  We find this sentence to be reasonable.

Accordingly, we affirm Lazo-Bonilla's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>